UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TED WILLIAMS, | ) | CASE NO. 4:06CV822 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| DONALD H. RUMSFELD, | ) | |
| SECRETARY OF DEFENSE, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Defendant. | ) | |

The above captioned case is before the undersigned on the motion to dismiss or strike Plaintiff's complaint, or in the alternative a motion for summary judgment filed by Defendant Donald H. Rumsfeld, Secretary of the Defense.  ECF Dkt. #9.  For the following reasons, the undersigned recommends that the Court grant Defendant's motion.

**A.     FACTS AND PROCEDURAL HISTORY**

In December 2002, Plaintiff Ted Williams ("Plaintiff") applied for a vacant audiovisual production specialist GS-09 position in Frankfurt, Germany.  (Compl. p. 1; DEX 2, Vacancy Announcement; DEX 3, p. 2, Report of Investigation, OCI Investigation).  Plaintiff's name was forwarded to the selecting official for hiring consideration.  (DEX 4, Memorandum for Record by Lars K. Morales; and DEX 5, Web Based Referral List, see page third page numbered 78 for plaintiff's name).  The selecting official, Ms. Ann E. Mulligan is the Director of Broadcasting, American Forces Network, in Europe. (DEX 8, p. 34 lines 24-25).  Ms. Mulligan did not select plaintiff, but instead selected someone else.

Plaintiff contacted an EEO counselor on June 23, 2003 and alleged that he was not selected to the position at issue because of age discrimination. (DEX 14, EEO Counselor's Report). Plaintiff then filed a request for a hearing with the Department of Defense, Civilian Personnel Management Service, Office of Complaint Investigations (OCI). (DEX 3, Report of Investigation, OCI Investigation; DEX 1, pp. 2 and 4, Hearing Transcript, OCI). The investigator conducted a detailed investigation and found that management articulated legitimate and nondiscriminatory reasons for its actions and that Plaintiff failed to show that those reasons were unworthy of belief. (DEX 3, p. 7, Report of Investigation, OCI Investigation, dated July 27, 2004). Plaintiff then filed with the U.S. Equal Employment Opportunity Commission (EEOC). (DEX 15). The EEOC found that plaintiff "presented not one scintilla of evidence that he was not selected because of his age." (Id. p. 6 of the Decision). On May 18, 2005 a Final Agency Decision (FAD) was issued in which Defendant implemented the EEOC Administrative Judge's Decision finding of no discrimination. (DEX 16, Final Agency Decision). Plaintiff appealed the FAD to the EEOC. (DEX 17, EEOC DECISION). On February 14, 2006 the EEOC issued a decision affirming the FAD. (Id.).

On April 7, 2006, Plaintiff, acting *pro se*, filed a Complaint for Age Discrimination against Defendant Donald H. Rumsfeld, Secretary of the Defense ("Defendant") pursuant to Title VII and the Rehabilitation Act. ECF Dkt. #1. On May 19, 2006, the case was referred to the undersigned for general pre-trial supervision including all motions. ECF Dkt. #6. On July 31, 2006, in lieu of an answer, Defendant filed the instant motion to dismiss or strike Plaintiff's Complaint or in the alternative for summary judgment. ECF Dkt. #9. On the same date,

Defendant filed a statement of undisputed facts.[1] ECF Dkt. #10. Plaintiff did not file a response.

On September 12, 2006, the undersigned conducted a case management conference. See ECF Dkt. #10. Attorneys William Kopp and Thomas Ray appeared on behalf of Defendant. Plaintiff failed to appear.[2]

### B. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(C). The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion, and must identify the portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This initial burden can be discharged by the moving

---

[1] Seeing no opposition, Defendant's Statement of Material Facts to Which There is No Genuine Dispute will be deemed admitted for purposes of analyzing Defendant's Motions.

[2] On September 13, 2006 a copy of an email from plaintiff to Defendant's Counsel was filed with the Court in which Plaintiff states that he wished Defendant's Counsel had reminded him of the conference. ECF Dkt. #15. Further, Plaintiff admitted that he had not notified the parties as to a change in phone number because it "was the farthest thing from my mind." Id. Plaintiff clearly is still using the mailing address provided to the parties as in his email he comments about one of the documents recently mailed to him. See id.

3

party by showing that the nonmoving party has failed to establish an essential element of the nonmoving party's case for which he bears the ultimate burden of proof at trial.  *See id.;* Morales v. American Honda Motor Co., Inc., 71 F.3d 531, 535 (6th Cir. 1995).  The evidence submitted must be viewed in a light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists.  See Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

If the moving party meets this burden, then the nonmoving party must take affirmative steps to avoid the entry of a summary judgment.  See Fed. R. Civ. P. 56(e).  The nonmoving party must present additional evidence beyond the pleadings.  See id.  The nonmoving party must do this by presenting more than a scintilla of evidence in support of his position.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  Summary judgment must be granted unless sufficient evidence exists that favors the nonmoving party such that a judge or jury could reasonably return a verdict for that party.  See id. at 249.  The Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Id.  If a party fails to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then the Court is required to enter summary judgment.  See Celotex Corp., 477 U.S. at 322.

**C.**     **ANALYSIS**

Defendant raises three grounds under which he argues he is entitled to relief, improper venue, lack of jurisdiction and on the merits.  ECF Dkt. #9.  The undersigned will address each argument in turn.

4

**1.    Improper Venue**

Plaintiff brings the instant case pursuant to Title VII and the Rehabilitation Act. Defendant moves to dismiss the complaint because it is filed in an improper venue. Title VII has its own venue provision found at 42 U.S.C. § 2000e-5(f)(3)[3]. It specifically provides that venue is only proper:  (1) in any judicial district in the state in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such a practice are maintained and administered; or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. Further, the statue provides that "[i]f the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *Id.*   Given that all of the material events surrounding the non-selection of which Plaintiff complains occurred outside the United States and in Germany, there can be no doubt that Ohio is not a proper venue. Rather, Defendant has his principal office in the Pentegon

---

[3]    The Rehabilitation Act does not have a specific venue provision. The Act does state, however, that it "incorporates all the provisions, procedures, and remedies of Title VII." 29 U.S.C. § 794(a)(1). Due to this language, the overwhelming majority of courts which have considered the question of whether the Rehabilitation Act is governed by the general venue provision of 29 U.S.C. § 1391, or by the more restrictive venue provisions of 42 U.S.C. § 2000e-5(f)(3), have ruled that the latter applies. See Bolar v. Frank, 938 F.2d 377 (2nd Cir. 1991); Benton v. England, 222 F. Supp. 2d 728 (D. Md. 2002); Lengacher v. Reno, 75 F. Supp. 2d 515 (E.D. Va. 1999); Sconion v. Thomas, 603 F. Supp. 66 (D.D.C. 1983); Chubb v. Union Pacific R. Co., 908 F. Supp. 853 (D. Colo. 1995). But see Gilbert v. Texas Mental Health and Mental Retardation, 888 F. Supp. 775 (N.D. Tex. 1995) (finding that § 1391 applies because the Rehabilitation Act does not have a specific venue provision; however, the Court did <u>not</u> discuss or apparently even consider the incorporation language of 29 U.S.C. § 794(a)(1)).

in Arlington, Virginia. See Spencer v. Rumsfeld, 209 F. Supp. 2d 15, 28 (D.D.C. 2002) (citing with approval Turbeville v. Casey, 525 F. Supp. 1070 (D.D.C. 1981)). As suggested by Defendant and as required by the applicable special venue provisions, the proper venue in this case is the place where the Secretary of Defense has his principle office, namely the Eastern District of Virginia in Alexandria, Virginia.

28 U.S.C.§ 1406(a) provides that a district court with a case "laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." Pittock v. Otis Elevator Co., 8 F.3d 325, 329 (6th Cir. 1993). The decision of whether to dismiss or transfer is within the district court's sound discretion, and accordingly, will be reviewed only for an abuse of discretion. First of Michigan Corp. v. Bramlet, 141 F.3d 260, 262 (6th Cir. 1998). The facts and circumstances of the instant case demonstrate that this case should be dismissed instead of transferred. Plaintiff's complaint is otherwise defective as, discussed below, he fails to state a proper jurisdictional base and, as demonstrated below, even after a detailed administrative investigation there is not one shred of evidence to support Plaintiff's claim. Finally, even with this case in his city of residence Plaintiff has failed to properly keep this Court informed of his current phone number, has failed to respond to serious and critical filings with this Court, and has failed to appear at a Court Ordered conference. There is no reason to believe that Plaintiff will prosecute his case in a more diligent manner when that Courthouse is hundreds of miles away. Therefore, transferring this case to another Court is not in the interest of justice. Accordingly, the undersigned recommends that the Court DISMISS the instant action for improper venue.

### 2. Lack of Jurisdiction

Plaintiff asserts jurisdiction under Title VII and the Rehabilitation Act. However, he fails to assert any claim based on race, religion, color, sex, national origin, or retaliation for filing an EEO claim pursuant to Title VII. See 42 U.S.C. § 2000-e2 et seq. Additionally, he fails to assert any claim of disability which might be cognizable under the Rehabilitation Act. Neither Title VII nor the Rehabilitation Act provide or establish jurisdiction for an age discrimination claim. See Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 n. 4, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982) (noting that Title VII does not cover age discrimination claims). Plaintiff has the burden of proving that proper jurisdiction does exist. Children's Healthcare is a Legal Duty, Inc. v. Deters, 92 F.3d 1412, 1419 (6th Cir. 1996). Plaintiff fails to assert a proper jurisdictional basis for an age discrimination claim. Accordingly, Plaintiff's Complaint is defective and the undersigned recommends that the Court GRANT Defendant's Motion to Dismiss.

### 3. Summary Judgment

Even treating Plaintiff's Complaint as stating a cause of action under the Aged Discrimination in Employment Act, Plaintiff has not responded to Defendant's motion for summary judgment, much less met his burden by establishing that Defendant's reasons for not hiring him were pretextual. See 29 U.S.C. § 621 et seq. Summary judgment will be rendered if a party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. Celotex at 323; and Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1388-89 (6th Cir. 1993).

In responding to Defendant's Motion for Summary Judgment Plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). If the Plaintiff succeeds in proving the prima facie case, the burden shifts to the Defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Id. at 802. The Defendant need not persuade the court that it was actually motivated by the proffered reasons. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). It is sufficient if the Defendant's evidence raises a genuine issue of fact as to whether it discriminated against the Plaintiff. Id., at 253, 254-55. To accomplish this, the Defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the Plaintiff's rejection. Id., at 255. If the Defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. Id. Placing this burden of production on the Defendant thus serves simultaneously to meet the Plaintiff's prima facie case by presenting a legitimate reason for the action and to frame the factual issue with sufficient clarity so that the Plaintiff will have a full and fair opportunity to demonstrate pretext. Id. Should the Defendant carry this burden, the Plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the Defendant were not its true reasons, but were a pretext for discrimination. McDonnell Douglas, at 804. The ultimate "'factual inquiry' is 'whether the defendant intentionally discriminated against the plaintiff'." Postal Service Board of Governors v. Aikens, 460 U.S. 711, 715 (1983) citing Burdine at 253. The Plaintiff always retains the burden of persuasion with respect to this ultimate factual issue. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a verdict for that party.

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Boddy v. Dean, 821 F.2d 346, 349 (6th Cir. 1987).

Assuming for sake of argument that Plaintiff could have established a prima facie case of discrimination, the evidence shows that Plaintiff was not selected because the selecting official wanted to select:

1. the person with the most experience, working with a camera, going "into the field", and conveying the news story in a way that the audience can understand and react to. (DEX 8, p. 2, lines 8-10, Sworn Testimony of Ann E. Mulligan);

2. someone with recent demonstrated experience. (Id. p. 38, lines 15-21);

3. someone who could produce product and not someone who had experience in the engineering or equipment side of broadcasting. (Id., lines 6-14); and

4. a person who was working in a commercial television market already doing the job every single day. (Id. p. 41, lines 6-19).

Ms. Mulligan testified that she made the selection she did because in her opinion the selectee's experience and skills and qualifications were overwhelmingly better than anyone else on either of the two lists. (Id., p. 45, lines 7-17). She considered the candidates including the Plaintiff. (Id., p. 37, lines 3-12). However, the selectee was working at a commercial television station and had lots of recent experience. (Id. p. 40, lines 3-6). The selectee's application shows that for the previous six years (1997-2003) she conducted live reporting, including producing, writing, editing, and shooting. (DEX 9, application of Michelle Kimbler). The selectee had recent experience working with rapidly changing events and controversial subject matter;

9

handling all of the logistics of feature reporting including photography, script writing, editing, graphics-production, marketing, and promotion of the final product. (Id.; DEX 3, p. 6 (last two paragraphs), Report of Investigation, OCI Investigation).

Ms. Mulligan testified that she had a person in her organization that was hired a year before this selection out of the same television station where the selectee was working and that this person recommended the eventual selectee. (Id. 36, lines 4-14). The selectee has turned out to be one of Ms. Mulligan's stellar reporters and has since won a top award for broadcasting. (Id., p. 45, lines 21-25).

Plaintiff's application shows that at the time of the selection he was working part time (20 hours a week) as a volunteer technical writer. (DEX 10, Plaintiff's Resumix application). Plaintiff's application also shows that from 1999 to 2001 he worked part time (20 hours per week) on a TV production crew. (Id.). From 1981 to 1987, plaintiff worked in a Hotel in Japan. (Id.).

Ms. Mulligan testified that age was not a factor in her consideration process. (DEX 8, p. 36, lines 18-20, Sworn Testimony of Ann E. Mulligan). She did not even know Plaintiff's age because it is not on the Resumix form. (Id. 44, lines 14-16). Ms. Mulligan was looking for experience, "actually in this field years of experience actually pay off." She also testified "[t]here is absolutely no discrimination, there is no negative aspect to having many years of strong experience." (Id., lines 16-21).

In order to avoid summary judgment, Plaintiff must prove that the proffered reason was pretextual, designed to cloak the unlawful discrimination Kline v. TVA, 128 F.3d 337, 342 (6th Cir. 1997). However, Plaintiff has nothing more than his unsupported speculation. In his

10

complaint he states that he is "very suspicious." (Compl. Para. 2).   When asked why he thought he was the victim of age discrimination he testified that he did not even know the selecting official, did not know the candidates that he was competing against for the position, and that his allegation of age discrimination is based on his deductions and speculation.  (DEX 1, p. 56-57, and p. 61, pp. 72-73,  Plaintiff's Sworn Testimony).   However, the Sixth Circuit has made it clear that "mere conclusory allegations are not sufficient to withstand a motion for summary judgment." Cincinnati Bell Tel. Co. v. Allnet Communication Servs., 17 F.3d 921 (1994).  Plaintiff's self serving unsupported speculation is not sufficient to raise an issue for trial.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249 (1986) (stating that there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party).

There is a complete absence of proof by Plaintiff that the reasons offered by Defendant for the selection were a pretext for unlawful intentional discrimination.  Accordingly, this Court recommends that summary judgment be **GRANTED** in favor of Defendant.

**D.**	**CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court find that Plaintiff has failed to establish proper venue or a proper basis for jurisdiction and that Plaintiff has failed to meet his burden of establishing that Defendant's legitimate reasons for failing to hire him were pretextual.  Accordingly, the undersigned recommends that this Court **GRANT** Defendant's motion to dismiss Plaintiff's Complaint for improper venue and for lack of proper jurisdiction and DISMISS Plaintiff's Complaint.  Alternatively, the undersigned recommends

that this Court **GRANT** Defendant's motion for summary judgment and DISMISS this case with

prejudice. ECF Dkt. #9.

Dated: September 19, 2006          */s/George J. Limbert*
                                   GEORGE J. LIMBERT
                                   United States Magistrate Judge


     ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).